IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03391-BNB

STEVEN BASSETT,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
UNKNOWN CTU DRIVER, and
SERGEANT LOMBARDO

    Defendants.

---

ORDER TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Steven Bassett, is in the custody of the Colorado Department of Corrections. He currently is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and Colorado state tort laws.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se* litigants.  *See id.*

Plaintiff claims his Eighth Amendment rights were violated when Defendants Lombardo and Unknown CTU Driver transported him without a seatbelt and drove in an unsafe manner.  Plaintiff further claims that due to Defendants' deliberate indifference an accident occurred and Plaintiff incurred significant physical and psychological injuries.  Plaintiff seeks money damages and the use of safety devices when transporting inmates

A claim against Defendant State of Colorado is barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but Plaintiff must assert a claim for prospective relief against individual state officers.  *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997));  *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).  Defendant State of Colorado, therefore, is an improper party to this action.

Finally, naming an unknown driver, without more, is the same as naming a

fictitious party, such as John or Jane Doe.  If Plaintiff does not know the real name of the driver, he must provide sufficient information about the driver so that he/she can be identified for the purpose of service.

Plaintiff will be directed to amend his Complaint consistent with these findings. Plaintiff must assert personal participation by each properly named defendant in any alleged constitutional violations.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will proceed to review the merits of only the claims that are asserted against

properly named defendants.

      DATED January 17, 2014, at Denver, Colorado.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge