IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03391-MJW

STEVEN W. BASSETT,

Plaintiff,

v.

CDOC EMPLOYEE, Who Wrecked CTU Bus on December 17, 2012,
SERGEANT LOMBARDO of CTU, and
CDOC SPOKESMAN, Liaison on Scene of CTU Bus Wreck, December 17, 2012,

Defendants.

---

**ORDER ON
DEFENDANT KLINKLER AND LOMBARD'S MOTION TO STAY DISCOVERY AND
VACATE THE SCHEDULING CONFERENCE
(Docket No. 47)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Now before the court is Defendants Klinkler and Lombard's Motion to Stay Discovery and Vacate the Scheduling Conference (Docket No. 47). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

*Pro se* incarcerated plaintiff Steven Bassett brings claims implicating the Eighth Amendment. Defendants filed a Motion Dismiss (Docket No. 46) on June 13, 2014. Among the arguments put forth by defendants in their motion to dismiss is that defendants are entitled to qualified immunity. In the subject motion, defendants request

2

that all proceedings be stayed pending resolution of the motion to dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of immunity is a
threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery
should not be allowed." Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v.
Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir.
1992) (same).  However, the defense of immunity "is not a bar to all discovery." Rome
v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances
when discovery is permissible despite an assertion of immunity, including cases alleging
official-capacity claims, requests for injunctive (as opposed to monetary) relief, and
claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally,
permitting discovery up until the point that qualified immunity is raised may be
appropriate, particularly when the defense is not advanced until the filing of a motion for
summary judgment.  Id. at 643-44.

As stated above, defendants raise qualified immunity as a defense in their
pending motion to dismiss.  The case is still in the early stages of litigation; defendants
responded to plaintiff's operative complaint with the pending motion to dismiss.  The
motion to dismiss could fully dispose of plaintiff's claims before engaging in the
discovery process.

A court has broad discretion to stay proceedings as incidental to its power to
control its own docket.  See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing
Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Legal questions regarding
the court's subject matter jurisdiction should be resolved as early as possible in the

3

litigation, before incurring the burdens of discovery.  See Behrens v. Pelletier, 516 U.S.

299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a

dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d

1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the

importance of resolving immunity questions at the earliest possible stage in litigation.'"

(citation omitted)).  Considering the early filing of the motion to dismiss premised in part

on qualified immunity, the court finds that the circumstances evaluated in Rome are

inapplicable to the case at hand.

When considering a stay of discovery in a broader context, this court has

considered the following factors: (1) the plaintiff's interests in proceeding expeditiously

with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on

the defendants; (3) the convenience to the court; (4) the interests of persons not parties

to the civil litigation; and (5) the public interest. See String Cheese Incident v. Stylus

Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter.  Most significantly, the

court finds that the interest of plaintiff to proceed expeditiously is outweighed by the

burden on defendants of having to participate in discovery while a motion to dismiss on

jurisdictional grounds is pending.

Furthermore, while the court typically discourages stays of discovery, the court

acknowledges the efficiency and fairness of delaying the proceedings pending

resolution of a motion to dismiss that could resolve this matter in its entirety.  See Harris

v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr.

27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being

4

involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).  Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants Klinkler and Lombard's Motion to Stay Discovery and Vacate the Scheduling Conference (Docket No. 47) is **GRANTED.**  This matter is **STAYED** pending resolution of the pending motion to dismiss (Docket No. 46).  It is further

**ORDERED** that the Scheduling Conference set for July 8, 2014 at 2:30 p.m. is **VACATED**.

Date:  July 2, 2014                          s/ Michael J. Watanabe
       Denver, Colorado                      Michael J. Watanabe
                                             United States Magistrate Judge